IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY ROBERT GARCIA, | No. C 06-6735 MMC (PR) |
| Plaintiff, | **ORDER ADDRESSING PLAINTIFF'S PENDING MOTIONS** |
| v. | |
| G. STEWART, et al., | **(Docket Nos. 26, 31)** |
| Defendants. | |

On October 30, 2006, plaintiff, a California prisoner currently incarcerated at Pelican Bay State Prison ("PBSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983 against various PBSP employees. On January 5, 2007, the Court ordered the complaint served on defendants and scheduled dispositive motions.

On June 28, 2007, the Court granted defendants' motion to stay all discovery pending resolution of defendants' forthcoming dispositive motion, based on defendants' representation that in said dispositive motion they would assert, inter alia, the defense of qualified immunity. On July 3, 2007, defendants filed a motion for summary judgment in which they assert, inter alia, that they are entitled to qualified immunity with respect to all of plaintiff's claims. On July 30, 2007, plaintiff filed an opposition to the motion for summary judgment; attached to the opposition is a "Motion to Dismiss Defendants' Summary Judgment Motion Until Discovery Has Been Exhausted." On August 14, 2007, defendants filed a reply to the opposition; included in the reply is a response to plaintiff's motion.

Plaintiff argues in his motion that the Court should not rule on defendants' motion for summary judgment until plaintiff has had an adequate opportunity to engage in discovery; he

asks for a continuance of ninety days to conduct discovery. In the alternative, he states that if his motion is denied, he will submit with his opposition declarations in lieu of any missing documents.

Defendants respond that the Court's June 28, 2007 order staying all discovery until the motion for summary judgment is resolved forecloses plaintiff's argument. They further argue that plaintiff's motion should be denied because plaintiff has not shown there are documents or evidence in the exclusive control of defendants that would assist the Court in resolving the motion for summary judgment.

The Court construes plaintiff's motion as one brought pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, which provides, in relevant part:

> Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f). In invoking Rule 56(f), a party opposing summary judgment must make clear what information is sought and how it would preclude summary judgment. Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998).

In the instant motion, plaintiff does not state what factual information he seeks and how it is essential to his opposition to the motion for summary judgment. He does state, however, that in support of his opposition to the motion for summary judgment he is able to submit declarations in lieu of the documents he seeks to obtain through discovery.

Plaintiff's motion will be denied. The Court imposed a stay on discovery in the instant matter in light of defendants' assertion of the defense of qualified immunity. Until that defense is resolved, the stay will remain in effect. If, however, the Court determines that defendants' qualified immunity defense is not dispositive and, upon reviewing the parties' pleadings in support of and in opposition to the motion for summary judgment, also determines that the declarations submitted by plaintiff in support of his opposition show that he is entitled to further discovery under Rule 56(f), the Court sua sponte will reopen

1 discovery and grant a continuance to afford plaintiff the opportunity to file a supplemental
2 opposition to the motion for summary judgment.

3 Also before the Court is plaintiff's motion for a change of venue, filed November 15,
4 2007, wherein plaintiff argues this action should be transferred "to another courthouse, judge
5 and district" because his other action pending in this court, Garcia v. Soule, C 07-0438 MMC
6 (PR), is in "limbo," and the Court has not yet ruled on the above-referenced motion for an
7 order lifting the stay on discovery. The motion will be denied. Under 28 U.S.C. § 1391(b),
8 the proper venue for plaintiff's action is the Northern District of California. Moreover,
9 plaintiff' assertions concerning his other pending action and the status of his motion to lift
10 the stay on discovery do not provide grounds for the Court to recuse itself from presiding
11 over this action. See United States v. Holland, 501 F.3d 1120, 1123 (9th Cir. 2007) ("[I]n the
12 absence of a legitimate reason to recuse himself, a judge has a duty to sit in judgment in all
13 cases coming before him.").

14 For the foregoing reasons, plaintiff's motions for discovery and for a change of venue
15 are hereby DENIED.

16 This order terminates Docket Nos. 26 and 31.

17 IT IS SO ORDERED.

18 DATED: January 11, 2008

19 _____
MAXINE M. CHESNEY
United States District Judge

3